IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>STEVEN OLIN EVANS,<br><br>    Defendant. | MEMORANDUM DECISION<br>AND ORDER DENYING MOTION<br>TO WITHDRAW GUILTY PLEA<br><br>Case No. 2:01CR603DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant Steven Olin Evans's Motion to Withdraw Guilty Plea. On June 13, 2002, Defendant entered a guilty plea as to Counts 4 and 6 of the Indictment. The court engaged in a detailed plea colloquy with Defendant and accepted Defendant's guilty plea. A Statement in Advance of Plea was executed and filed in open court. On March 11, 2003, the court sentenced Defendant to 84 months incarceration on Count 4 and 300 months incarceration on count 6, to be served consecutively.

      Under Rule 11(e) of the Federal Rules of Criminal Procedure, "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendre, and the plea may be set aside only on direct appeal or collateral attack." Defendant did not directly appeal his sentence. He filed a collateral attack of the sentence under 28 U.S.C. § 2255, which was denied by this court and such denial was affirmed by the Tenth Circuit. Under Rule 11, therefore, there are no grounds for Defendant to withdraw his plea.

      Defendant's motion seeks withdrawal of his guilty plea as a result of an alleged breach of

the plea agreement.  Defendant claims that he is being required to pay restitution for a robbery that he specifically agreed not to pay restitution for in his Plea Agreement.  Because he claims that his Judgment in a Criminal Case improperly included restitution for Count 1, the motion is more properly characterized as a motion to amend the Judgment to reflect the bargain reached in the Plea Agreement.

In his Plea Agreement, Defendant agreed "to make restitution for each of the robberies alleged in the indictment, with the exception of the robbery alleged in Count I," which he denied.  Count I of the Indictment charged Defendant with the robbery of a Payless Shoesource at 1140 East Brickyard Road, Salt Lake City, on August 11, 2001.  Defendant's Judgment in a Criminal Case ordered defendant to pay restitution to Payless Shoe Source at 1140 East Brickyard Road, Salt Lake City.  While the Judgment appears to conflict with the Plea Agreement, in Defendant's "Position of a Party with Respect to Sentencing Factors," filed prior to sentencing, Defendant admitted that he robbed the Payless Shoe Source on August 11, 2001, with Wally Martinez.  Thus, by the time of sentencing, Defendant had admitted to the robbery of the Payless Shoe Source and the court could take all facts into consideration in rendering the sentence.  The court does not believe that it is appropriate to amend the Judgment to remove the restitution for the August 11, 2001, robbery of Payless Shoe Source.  Therefore, the court denies Defendant's motion.

DATED this 20th day of April, 2015.

                                                                                            _____
                                                                                            DALE A. KIMBALL
                                                                                            United States District Judge